**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LIZA MIZEL, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

LENDVIA LLC,

Defendant.

Case No.

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Liza Mizel ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant Lendvia LLC ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief, supported by the investigation of Plaintiff's counsel, as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its implementing regulations adopted by the Federal Communications Commission ("FCC"), and Defendant's violations of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA").

2. As alleged herein, Defendant violated several provisions of both the TCPA and the FTSA by (1) making calls to Plaintiff and the proposed Class ("Class,"

defined below) using an automated system for the selection or dialing of telephone numbers without prior express written consent; (2) making calls using an artificial or prerecorded voice; and (3) initiating telephone solicitations to residential telephone numbers registered on the National Do Not Call Registry ("DNC") without prior express written consent.

3. Through this action, Plaintiff seeks an award of statutory damages and/or liquidated damages to Plaintiff and the Class.

## JURISDICTION AND VENUE

4. **Subject Matter Jurisdiction.** This Court has federal question subject matter jurisdiction over Plaintiff's federal TCPA claims pursuant to 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367(a) because those claims arise out of the same set of facts and are so related to Plaintiff's federal claims that they form part of the same case or controversy.

5. **Personal Jurisdiction.** This Court has personal jurisdiction over Defendant because Defendant because this suit arises out of and relates to Defendant's contacts with Florida as Defendant initiated and directed the unlawful telemarketing calls at issue to Plaintiff who received such calls while located in Florida.

6. **Venue.** Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

7. Plaintiff is a natural person and, at all relevant times, was a resident of Hillsboro County, Florida.

8. Defendant is a California limited liability company that maintains its principal place of business in Orange County, California.

## FACTUAL ALLEGATIONS

9. At all relevant times, Plaintiff was the subscriber and primary user of a cellular telephone number ending in 4769.

10. This is Plaintiff's personal phone line that Plaintiff uses as a residential telephone line and is the primary means of reaching Plaintiff at home.

11. This number is not associated with any business.

12. Plaintiff registered this number on the National Do Not Call Registry at least 30 days prior to receiving the calls at issue.

13. Plaintiff does not maintain, and is not a subscriber to, any other phone line.

14. To promote the sale of its goods and services, Defendant engages in aggressive and intrusive telemarketing to consumers using automated technology and an artificial or prerecorded voice, without prior express written consent.

15. Defendant also initiates telephone solicitations calls to residential subscribers registered on the National DNC, without prior express written consent.

16. Beginning around August 15, 2024, Defendant—or third-parties acting on Defendant's behalf—began bombarding Plaintiff with dozens of unlawful

automated and pre-recorded telemarketing calls, including from telephone number (888) 918-7155.

17. This telephone number is owned or controlled by Defendant.

18. Many of Defendant's calls to Plaintiff left prerecorded voicemails that stated the following:

> Hello, this is Anna. Sorry that I missed you, I was just calling you help you fix your payday loan problem...So, if that sounds like something you're interested in give us a call at (888) 918-7155.

19. Plaintiff received similar pre-recorded messages from Defendant or on its behalf on August 20 and 29, September 9 and 11, October 4, November 5, 2024, and on other dates in 2024.

20. Upon information and belief, discovery will show additional similar calls that Defendant made to Plaintiff's cellular phone.

21. The purpose of each call was to promote and encourage the purchase of Defendant's goods and services, specifically, payday loans and other types of similar high-interest loans.

22. When listening to Defendant's calls, Plaintiff was easily able to determine that they used a prerecorded message. *See Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODEJSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

23. The following facts strongly support Plaintiff's conclusion that Defendant's calls were clearly prerecorded: (1) the voice on the call was robotic and monotone; and (2) there was a delay before the prerecorded voice started playing. Plaintiff is able to provide audio files of Defendant's voicemails to the Court and to Defendant to demonstrate that they are clearly prerecorded.

24. Based upon information and belief, Plaintiff alleges that Defendant placed the calls at issue using an automated system for the selection or dialing of telephone numbers, within the meaning of the FTSA. The following facts strongly support Plaintiff's allegation: (1) Plaintiff never provided Defendant with her telephone phone number; (2) Plaintiff has no established business relationship with Defendant; (3) the content of Defendant's calls was generic and obviously designed for *en masse* transmission through robocalling; and (4) Defendant used a prerecorded voice to make the calls.

25. Plaintiff never gave any type of consent, permission, or invitation to receive calls from Defendant, including telemarketing calls or calls using a prerecorded voice or an automated system for the selection or dialing of telephone numbers.

26. Plaintiff has no business relationship with Defendant.

27. Plaintiff never provided Defendant with prior express written consent, or any consent or permission, to receive the calls or text messages at issue.

28. Plaintiff did not transact any business with Defendant at any time, including within the eighteen (18) month period immediately preceding Plaintiff's receipt of Defendant's unlawful calls.

29. Plaintiff did not make any inquiry regarding Defendant's products or services at any time, including within the three (3) month period immediately preceding Plaintiff's receipt of Defendant's unlawful calls.

30. Defendant's unlawful calls caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, wasted time, violation of their statutory privacy rights, and disruption to their personal and daily life as Plaintiff received Defendant's unlawful calls at inconvenient times, causing Plaintiff to stop to check Plaintiff's phone and waste time answering calls to confirm they were not for an emergency purpose, and because Plaintiff was forced to spend time investigating Defendant and seeking out legal counsel to stop Defendant's harassing calls.

31. There are numerous consumer complaints on the Internet regarding Defendant's unlawful and harassing telemarketing tactics.

32. Defendant has also been ***previously sued for the same conduct*** alleged herein, strongly suggesting that Defendant's violations of the TCPA and FTSA alleged in this case were knowing and willful.

## CLASS ALLEGATIONS

33. Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23 on behalf of the following proposed Classes:

> **TCPA Prerecorded Class:** All persons in the United States who (1) received a telephone call, (2) on their cellular phone, (3) from Defendant or on its behalf, (4) that used an artificial or pre-recorded voice, (5) and who did not give prior express written consent to receive such calls, (6)

> at any time during the period beginning four years prior to the filing of this action and up to the date of class certification.
>
> **TCPA DNC Class:** All persons in the United States who (1) received two or more telephone calls in any 12-month period (2) from Defendant or on its behalf, (3) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, (4) after their telephone number had been listed on the National Do Not Call Registry for at least thirty-one days, (5) at any time during the period beginning four years prior to the filing of this action and up to the date of class certification.
>
> **FTSA Autodialer Class:** All persons in the State of Florida who (1) received a telephone phone call, (2) from Defendant or on its behalf, (3) regarding Defendant's property, goods, and/or services, (4) that was sent using the same equipment or type of equipment used to call Plaintiff; (5) at any time during the period beginning on July 1, 2021, and up to the date of class certification.
>
> **FTSA Prerecorded Class:** All persons in the State of Florida who (1) received a telephone phone call, (2) from Defendant or on its behalf, (3) regarding Defendant's property, goods, and/or services, (4) that played a recorded message; (5) at any time during the period beginning on July 1, 2021, and up to the date of class certification.

34. The Classes defined above are, at times, referred to herein individually or collectively as the "Class."

35. Plaintiff reserves the right to expand or narrow the definitions of the Class following discovery.

36. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

37. ***Numerosity.*** The members of the Class are so numerous that individual joinder is impracticable. Plaintiff cannot know the exact number of Class members affected by Defendant's conduct, but based on the general nature of telemarketing campaigns, Plaintiff believes, and therefore alleges upon information and belief, that each Class includes, at a minimum, at least 40 members. The members of the Class are ascertainable because they are defined by reference to objective criteria. The exact number and identities of the Class members are unknown at this time but can be ascertained through discovery as Defendant maintains internal records that can be used to identify each member of the Class, such that identification of the Class members is a matter capable of ministerial determination from Defendant's records.

38. ***Common questions of law and fact predominate.*** There are numerous questions of law and fact that are common to the Class that predominate over any questions affecting only individual members of the Class, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

a. Whether Defendant placed telephone calls to the cellular phones or Plaintiff and the Class using an automated system for the selection or dialing of telephone numbers within the meaning of the FTSA;

b. Whether Defendant placed telephone calls to the cellular phones of Plaintiff and the Class using an artificial or prerecorded voice or a prerecorded message;

c. Whether Defendant initiated telephone solicitations to phone numbers registered on the National DNC;

d. Whether Defendant's calls to Plaintiff and the Class constitute "telephone solicitations" under the TCPA;

e. Whether Defendant's telephone calls to Plaintiff and the Class constitute "telephonic sales calls" under the FTSA;

f. Whether Defendant acted knowingly or willfully in violation of the TCPA; and

g. Whether Defendant is liable to Plaintiff and the Class for statutory damages and/or liquidated damages, and the amount of such damages.

39. ***Typicality.*** Plaintiff's claims are typical of the claims of each member of the Class because they are based on the same factual and legal theories, Plaintiff and the Class members were harmed by Defendant in the same way, and Plaintiff is not subject to any unique defenses.

40. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and TCPA litigation specifically, and Plaintiff intends to vigorously prosecute this action. Plaintiff also has no interests that are antagonistic to those of the members of the Class.

41. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the

claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class amount to millions of dollars, the amount of individual damages available to each member of the Class as a result of Defendant's violations of law alleged herein does not warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. In addition to satisfying the prerequisites of Fed. R. Civ. P. 23(a), this action also satisfies the requirements for maintaining a class action under Fed. R. Civ. P. 23(b) because:

a. Prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class;

b. Prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Class, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Class as a whole; and

d. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CAUSES OF ACTION

## COUNT 1

**Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)**
**(On Behalf of Plaintiff and the TCPA Prerecorded Class)**

43. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above, as though fully set forth herein.

44. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using…an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

45. As alleged herein, Defendant—or third-parties acting on Defendant's behalf—made telephone calls to the cellular phones of Plaintiff and the Class using an artificial or prerecorded voice.

46. Defendant did not make these calls for emergency purposes or with the prior express consent of Plaintiff and each member of the Class.

47. Defendant, therefore, violated Section 227(b)(1)(A)(iii).

48. As a result of Defendant's violations of the TCPA, Plaintiff and the Class members were harmed.

49. Plaintiff and the Class members are entitled to an injunction against Defendant's ongoing and future violations of the TCPA. 47 U.S.C. § 227(b)(3)(A).

50. Plaintiff and the Class members are also entitled to an award of statutory damages of $500.00 for each call that Defendant placed to Plaintiff and each Class member in violation of the TCPA. 47 U.S.C. § 227(b)(3)(B).

51. Because Defendant knew or should have known that it was making calls using an artificial or prerecorded voice without the prior express written consent of the called party, Defendant's violations of the TCPA were willful or knowing.

52. As such, Plaintiff and each member of the Class are entitled to an award of treble statutory damages under the TCPA in the amount of $1,500.00 for each call that Defendant made in knowing or willful violation of the TCPA. 47 U.S.C. § 227(b)(3)(C).

## COUNT 2

### Violation of the TCPA, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) (On Behalf of Plaintiff and the DNC Registry Class)

53. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above, except for the allegations in the preceding Count, as though fully set forth herein.

54. The TCPA established a National DNC Registry of phone numbers of consumers who object to receiving telephone solicitations. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014. 61.

55. The TCPA's implementing regulations adopted by the FCC provide that "[n]o person or entity shall initiate any telephone solicitation to[] [a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c)(2).

56. A violation of Section 64.1200(c) is actionable through 47 U.S.C. § 227(c)(5), which grants a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of [Section 64.1200(c)]." 47 U.S.C. § 227(c)(5).

57. Defendant violated Section 64.1200(c) by initiating, or causing to be initiated on its behalf, more than one telephone solicitation in a 12-month period to

the residential telephone numbers of Plaintiff and the Class members while their numbers were registered on the National DNC.

58. Defendant's calls to Plaintiff and the Class members constitute "telephone solicitations" under the TCPA because they were initiated "for the purpose of encouraging the purchase or rental of…property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

59. Defendant did not have prior express consent, invitation, or permission to initiate telephone solicitations to Plaintiff and the Class whose numbers were registered on the National DNC.

60. Defendant did not have any established business relationship with Plaintiff or the members of the Class.

61. As a result of Defendant's violations of the TCPA, Plaintiff and the Class members were harmed.

62. Plaintiff and the Class members are entitled to an injunction against Defendant's ongoing and future violations of the TCPA. 47 U.S.C. § 227(c)(5)(A).

63. Plaintiff and each member of the Class are entitled to an award of statutory damages of $500.00 for each call that Defendant placed in violation of the TCPA. 47 U.S.C. § 227(c)(5)(B).

64. Because Defendant knew or should have known that it was initiating telephone solicitations to numbers on the National DNC without prior express consent, invitation, or permission, Defendant's violations of the TCPA were willful or knowing.

65. As such, Plaintiff and each member of the Class are entitled to an award of treble statutory damages under the TCPA in the amount of $1,500.00 for each call that Defendant placed in knowing or willful violation of the TCPA. 47 U.S.C. § 227(c)(5)(C).

## COUNT 3

### Violation of the FTSA, Fla. Stat. § 501.059(8)(a)
### (On Behalf of Plaintiff and the FTSA Autodialer Class)

66. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above, except for the allegations in the preceding Counts, as though fully set forth herein.

67. The FTSA prohibits a person from "mak[ing] or knowingly allow[ing] to be made an unsolicited telephonic sales call if such call involves an automated system for the selection or dialing of telephone numbers…without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

68. Defendant made or knowingly allowed to be made unsolicited telephonic sales calls to Plaintiff and the Class using an automated system for the selection and dialing of telephone numbers.

69. Defendant's calls to Plaintiff and the Class constitute "telephonic sales calls" under the FTSA because they were initiated "for the purpose of soliciting a sale of any consumer goods or services." Fla. Stat. § 501.059(8)(a)(1)(j).

70. Plaintiff and the Class received Defendant's automated calls while located in Florida.

71. Defendant did not have "prior express written consent" to make unsolicited telephonic sales calls to Plaintiff and the Class using an automated system for the selection or dialing of telephone numbers, as required by Section 501.059(8)(a).

72. Thus, Defendant's telephone calls to Plaintiff and the Class violated the Section 501.059(8)(a) of the FTSA.

73. Plaintiff and the Class members were harmed and aggrieved by Defendant's violations of the FTSA.

74. Plaintiff and the members of the Class are entitled to an injunction against Defendant's ongoing and future violations of the FTSA. *See* Fla. Stat. § 501.059(10)(a)(1).

75. Plaintiff and each member of the Class is entitled to an award of liquidated damages of $500.00 for each call that Defendant made in violation of the FTSA. *See* Fla. Stat. § 501.059(10)(a)(2).

76. Because Defendant knew or should have known that it was using an automated system for the selection and dialing of telephone numbers to make telephone calls to Plaintiff and the Class without prior express written consent, Defendant's violations of the FTSA were willful or knowing.

77. As such, Plaintiff and each member of the Class are entitled to an award of treble statutory damages under the TCPA in the amount of $1,500.00 for each call that Defendant placed in knowing or willful violation of the TCPA. 47 U.S.C. § 227(c)(5)(C).

78. Under Fla. Stat. § 501.059(11)(a), Plaintiff is entitled to recover his reasonable attorney's fees and costs from the Defendant.

## COUNT 4

### Violation of the FTSA, Fla. Stat. § 501.059(8)(a)
### (On Behalf of Plaintiff and the FTSA Prerecorded Voice Class)

79. Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above, except for the allegations in the preceding Counts, as though fully set forth herein.

80. The FTSA prohibits a person from "mak[ing] or knowingly allow[ing] to be made an unsolicited telephonic sales call if such call involves…the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

81. Defendant made or knowingly allowed to be made unsolicited telephonic sales calls to Plaintiff and the Class that involved the playing of a recorded message when a connection is completed.

82. Defendant's calls to Plaintiff and the Class constitute "telephonic sales calls" under the FTSA because they were initiated "for the purpose of soliciting a sale of any consumer goods or services." Fla. Stat. § 501.059(8)(a)(1)(j).

83. Plaintiff and the Class received Defendant's prerecorded calls while located in Florida.

84. Defendant did not have "prior express written consent" to place unsolicited telephonic sales calls to Plaintiff and the Class a prerecorded message, as required by Section 501.059(8)(a).

85. Thus, Defendant's telephone calls to Plaintiff and the Class violated the Section 501.059(8)(a) of the FTSA.

86. Plaintiff and the Class members were harmed and aggrieved by Defendant's violations of the FTSA.

87. Plaintiff and the members of the Class are entitled to an injunction against Defendant's ongoing and future violations of the FTSA. *See* Fla. Stat. § 501.059(10)(a)(1).

88. Plaintiff and each member of the Class is entitled to an award of liquidated damages of $500.00 for each telephone call that Defendant placed in violation of the FTSA. *See* Fla. Stat. § 501.059(10)(a)(2).

89. Because Defendant knew or should have known that it was using a prerecorded message to place calls to Plaintiff and the Class without prior express written consent, Defendant's violations of the FTSA were willful or knowing.

90. Thus, Plaintiff and each member of the Class are entitled to an award of liquidated damages of $1,500 for each telephone call that Defendant placed in knowing or willful violation of the FTSA. Fla. Stat. § 501.059(10)(b).

91. Under Fla. Stat. § 501.059(11)(a), Plaintiff is entitled to recover his reasonable attorney's fees and costs from the Defendant.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, prays for the following relief:

A. An Order certifying the Class, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B. An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the TCPA, and an award of $1,500 for each violation found to be knowing or willful;

C. An award to Plaintiff and each member of the Class of liquidated damages of $500 for each violation of the FTSA, and an award of $1,500 for each violation found to be knowing or willful;

D. An award to Plaintiff and the Class of their reasonable attorneys' fees and the costs of this action; and

E. Such further and other relief as the Court deems just and necessary.

Dated: April 23, 2025

Respectfully submitted,

*/s/ Christopher Gold*

Christopher Gold, Esq.
Florida Bar No. 088733
**GOLD LAW, PA**
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
Tel: 305-900-4653
chris@chrisgoldlaw.com

*Counsel for Plaintiffs and the Proposed Class*